1
2
3
4
5
6
7
8      UNITED STATES DISTRICT COURT
9      CENTRAL DISTRICT OF CALIFORNIA
10     WESTERN DIVISION

11 | L. C. CUNNINGHAM,                    )    No. 2:20-cv-07903-JFW (JDE)
12 |              Petitioner,             )
                                          )    ORDER TO SHOW CAUSE
13 |        v.                            )    WHY THE PETITION
                                          )    SHOULD NOT BE
14 | C. PFIEFFER, Warden,                 )    DISMISSED
                                          )
15 |              Respondent.             )
16 | _____)

17
18                            I.
19                       INTRODUCTION
20        On September 3, 2020, Petitioner L. C. Cunningham ("Petitioner") filed
21 a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to
22 28 U.S.C. § 2254, challenging his 1986 conviction for first degree murder and a
23 2017 parole suitability determination. Dkt. 3 ("Petition" or "Pet.").
24        A district court "must promptly examine" the petition and, "[i]f it
25 plainly appears from the petition . . . that the petitioner is not entitled to relief,"
26 the "judge must dismiss the petition." Rule 4, Rules Governing Section 2254
27 Cases in the United States District Courts ("Habeas Rules"); Mayle v. Felix,
28 545 U.S. 644, 656 (2005). The Court has reviewed the Petition under Rule 4 of

the Habeas Rules and finds it is subject to dismissal for the reasons explained below.

## II.

## PETITIONER'S CLAIMS

1.    Petitioner is being deprived of his Eighth Amendment and due process rights because he was incompetent to stand trial and the Board of Parole Hearings (the "Board") should have granted parole or transferred him to a mental institution. Pet. at 5, 9-12, 87-90 (CM/ECF pagination).

2.    The Board violated his due process rights by failing to release him or transfer him to a mental institution based on "newly discovered evidence" of his "irresistable impulse" disease. Pet. at 5-6, 13-15, 91.

3.    Trial counsel rendered ineffective assistance by failing to raise an affirmative defense regarding Petitioner's mental disorder. Pet. at 6, 16.

4.    The Board failed to properly consider the psychologist's findings regarding Petitioner's present risk of violence. Pet. at 6, 17-18.

5.    The Board violated the California Constitution by improperly denying parole based on Petitioner's rules violations while incarcerated. Pet. at 6, 19-20.

6.    Petitioner's sentence constitutes cruel and unusual punishment and the Board failed to fully consider his growth, maturity, and rehabilitation in accordance with Cal. Penal Code § 4801(c), in violation of his due process rights. Pet. at 21-23, 91-92.

7.    The Board violated Petitioner's due process rights under the California Constitution by failing to consider the circumstances of the commitment offense and cite some evidence of aggravating factors beyond the minimum elements of his commitment offense. Pet. at 24-26.

8.    Petitioner is entitled to be released because the Board "mitigated his role in his commitment offense," he suffered from "irresistable impulse"

2

disease at the time of the offense, and he is being held in custody under "gross, and disproportionate circumstances." Pet. at 27-28, 93-94.

9.     The Board failed to provide "'some evidence' of being heinous, atrocious, or cruel to the commitment offense" and failed to consider the factors in accordance with applicable legal standards. Pet. at 29.

10.     The Los Angeles County Superior Court was not authorized to review the merits of the Board's decision. Pet. at 30-31, 84-85.

## III.

## DISCUSSION

**A.     The Court Lacks Jurisdiction to Consider Petitioner's Challenges to His 1986 Conviction**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

1    (B)(i) the factual predicate for the claim could not have
2    been discovered previously through the exercise of due
3    diligence; and
4          (ii) the facts underlying the claim, if proven and
5    viewed in light of the evidence as a whole, would be
6    sufficient to establish by clear and convincing evidence that,
7    but for constitutional error, no reasonable factfinder would
8    have found the applicant guilty of the underlying offense.
9          (3)(A) Before a second or successive application permitted
10   by this section is filed in the district court, the applicant shall move
11   in the appropriate court of appeals for an order authorizing the
12   district court to consider the application.
13        A petitioner's failure to obtain authorization from the appropriate
14   appellate court before filing a second or successive habeas petition deprives the
15   district court of jurisdiction to consider the petition. See Burton v. Stewart, 549
16   U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274
17   (9th Cir. 2001) (per curiam). Thus, even if the petitioner qualifies for an
18   exception to the AEDPA's bar on claims raised in successive petitions, he must
19   still receive authorization from the Ninth Circuit before filing a petition in the
20   district court. See 28 U.S.C. § 2244(b)(3)(A); Woods v. Carey, 525 F.3d 886,
21   888 (9th Cir. 2008).
22        Here, Petitioner previously challenged his 1986 conviction in at least five
23   habeas petitions in the Central District of California: (1) Cunningham v.
24   Smith, Case No. 2:95-cv-06583-AAH (JG) ("First Action"); (2) Cunningham
25   v. Carey, Case No. 2:99-cv-01842-AAH (JWJ) ("Second Action"); (3)
26   Cunningham v. Galaza, Case No. 2:05-cv-08613-JFW (JWJ) ("Third
27   Action"); (4) Cunningham v. Castro, Case No. 2:06-cv-03271-JFW (JWJ)
28   ("Fourth Action"); and (5) Cunningham v. Castro, Case No. 2:06-cv-04736-

4

JFW (JWJ) ("Fifth Action").[1] The First Action was dismissed without prejudice on November 2, 1995 for failure to exhaust available state court remedies. The Second Action was dismissed with prejudice as untimely on May 30, 2000. On January 31, 2006, the Third Action also was dismissed with prejudice as barred by the statute of limitations. The Fourth Action was dismissed for lack of jurisdiction on July 20, 2006 for failure to obtain authorization to file a second or successive petition. The Fifth Action was similarly dismissed on September 26, 2006. See First Action, Dkt. 3, 7; Second Action, Dkt. 25, 27; Third Action, Dkt. 3, 7; Fourth Action, Dkt. 3; Fifth Action, Dkt. 3.

Petitioner again challenges the same 1986 conviction at issue in his previous habeas petitions. As explained, however, Petitioner's Second and Third Actions were dismissed with prejudice as untimely. Because a dismissal of a habeas petition for untimeliness "presents a 'permanent and incurable' bar to federal review of the underlying claims," "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Thus, the Petition now pending constitutes a second and/or successive petition and as such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate any challenges to his 1986 conviction. Nothing in the record demonstrates that Petitioner has obtained the requisite authorization from the Ninth Circuit and

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the relevant federal court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

Petitioner does not claim he sought or received such authorization. Therefore, it appears the Court lacks jurisdiction to adjudicate Petitioner's claims regarding his 1986 conviction. See Burton, 549 U.S. at 157.[2]

**B.** **Petitioner's Challenges to the Board's 2017 Parole Decision Are Not Cognizable and Plainly Meritless**

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). However, where "a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam). In the context of parole, the required procedures are minimal. Id. In Cooke, the Supreme Court considered whether California state prisoners' due process rights were violated by parole unsuitability decisions that were not supported by "some evidence." The Supreme Court concluded that, while a state may create "a liberty interest in parole," the existence of such state liberty interest does not give rise to a federal right to be paroled. See id. at 219-20. Rather, due process only requires that the state furnish an inmate seeking parole with the opportunity to be heard and a statement of the reasons why parole was denied. Id. at 220 (citing Greenholtz, 442 U.S. at 16). Consideration of whether the prisoner was provided these minimal procedural protections is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Id.

Here, Petitioner does not argue that he was denied any of the minimum procedural protections guaranteed by the Due Process Clause. He does not

---

[2] The Court also notes that, like the Second and Third Actions, the instant Petition appears untimely as to the 1986 conviction. The Court will take up this defect, if necessary, depending upon Petitioner's response to the Order below.

allege that he was denied an opportunity to be heard and a statement of the reasons why parole was denied. Instead, the essence of Petitioner's claims is that the Board violated California law by failing to consider various factors in concluding that he was not suitable for parole and/or failing to transfer him to a mental institution. However, a federal court is limited to deciding whether a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal habeas review is not available for alleged errors in state law. See McGuire, 502 U.S. at 67-68; Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified) ("alleged errors in the application of state law are not cognizable in federal habeas corpus").

Although Petitioner has framed several claims as federal constitutional violations, Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation" of a federal right. See Langford, 110 F.3d at 1389; see also Arnold v. Dir. of Corr.-Rehab., 2010 WL 5608973, at *9 (S.D. Cal. Mar. 24, 2010) (concluding that petitioner's due process claim was not cognizable where the challenge was based on the application of state law), report and recommendation adopted by 2011 WL 176053 (S.D. Cal. Jan. 18, 2011). It is well-established that a "mere error of state law," as alleged here, is not a denial of due process. Cooke, 562 U.S. at 222 (citation omitted); see also Johnson v. Sec'y of Cal. Dep't of Corr. & Rehab., 2018 WL 4846530, at *4 n.4 (C.D. Cal. Aug. 2, 2018) (explaining that "challenges to a life sentence based on the Board's failure to set a release date after a prisoner has been incarcerated beyond the suggested range for his offense(s) are not cognizable on federal habeas review"), report and recommendation accepted by 2018 WL

7

4846921 (C.D. Cal. Oct. 2, 2018); <u>Sledge v. Sisto</u>, 473 F. App'x 616, 617 (9th Cir. 2012) (claim that the Board's decision was not supported by some evidence in violation of petitioner's due process rights was foreclosed by <u>Cooke</u>).

Further, to the extent Petitioner contends that his continued incarceration as a result of the Board's denial of parole constitutes cruel and unusual punishment, this claim is plainly meritless. <u>See</u> <u>Johnson v. Finn</u>, 468 F. App'x 680, 684 (9th Cir. 2012) (rejecting contention that continued incarceration following denial of parole violated the Eighth Amendment where petitioner was convicted of first degree murder and sentenced to an indeterminate sentence with the possibility of parole and explaining that even if his sentence had been converted to one without the possibility of parole, that sentence would still not constitute cruel and unusual punishment); <u>Stacy v. Gastelo</u>, 2018 WL 1750622, at *4 (C.D. Cal. Feb. 20, 2018) (explaining that "[n]o clearly established Supreme Court authority holds that a person convicted of murder cannot be sentenced to life with the possibility of parole, denied parole before a base term is set, or remain incarcerated beyond the expiration of his base term or suggested sentencing range"; "[c]hallenges to a life sentence based on the Board's failure to set a release date after a prisoner has been incarcerated beyond the suggested range for his offense are not cognizable on federal habeas review"), <u>report and recommendation accepted by</u>, 2018 WL 1750554 (C.D. Cal. Apr. 10, 2018); <u>Deerwester v. Valenzuela</u>, 2015 WL 10793484, at *1 (C.D. Cal. Aug. 25, 2015) (contention that the Board's repeated denial of parole converted petitioner's sentence of fifteen years to life into a cruel and usual life sentence was clearly meritless where petitioner was convicted of murder and "it is beyond question that a life sentence for murder is not cruel and unusual punishment"), <u>report and recommendation accepted by</u> 2015 WL 10793494 (C.D. Cal. Oct. 8, 2015).

Petitioner was convicted of first degree murder and sentenced to twenty-seven years to life in state prison. Pet. at 2. Where, as here, a defendant is convicted of first degree murder, even a life sentence without the possibility of parole does not violate the Eighth Amendment. See United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1992) (as amended) ("it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment"); Johnson, 468 F. App'x at 684; Stacy, 2018 WL 1750622, at *3. "If an inmate's sentence is constitutional when rendered, it cannot later become unconstitutional because the prisoner is forced to remain incarcerated 'until the expiration of the term of imprisonment.'" Stacy, 2018 WL 1750622, at *4 (citation omitted). Accordingly, Petitioner's claims challenging the 2017 parole decision fail to raise cognizable federal habeas claims and are plainly meritless.

## IV.

### ORDER

For the foregoing reasons, Petitioner is ORDERED TO SHOW CAUSE in writing by no later than thirty (30) days from the date of this Order why the Petition should not be dismissed because: (1) Petitioner failed to secure an order from the Ninth Circuit authorizing the District Court to consider additional challenges to his 1986 conviction; and (2) Petitioner's challenges to the 2017 parole decision are not cognizable on federal habeas review and plainly meritless.

Alternatively, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a form Notice of Dismissal with this Order.

/ / /

**The Court cautions Petitioner that failure to timely comply with this Order may result in dismissal of the action for the reasons stated above, for**

1   **failure to prosecute, and for failure to comply with a Court order.**

2

3   Dated:  September 17, 2020

4

5   _____

6   JOHN D. EARLY

7   United States Magistrate Judge